UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY W. JAMISON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:03CV1401 HEA |
| ) | |
| DAVE DORMIRE and JEREMIAH W. ) | |
| "JAY" NIXON,[1] ) | |
| ) | |
| Respondents, ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Report and Recommendation, of Magistrate Judge Thomas C. Mummert, III, that Jeffrey w. Jamison's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, [Doc. No. 5], be denied. Petitioner filed written objections to the Report and Recommendation. When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C.

---

[1] As Judge Mummert found, Dave Dormire is the current superintendent of the Southeast Correctional Center and has custody of Petitioner. Dormire is therefore substituted for Donna McCondichie as Respondent. Because Petitioner is challenging a sentence to be served in the future, the Attorney General of Missouri, Jeremiah W. "Jay" Nixon, is added as a proper party respondent. See Rule 2(a) and (b), Rules Governing Section 2254.

§ 636, the Court will therefore conduct a *de novo* review of those portions of the Report and Recommendation to which petitioner objects.

Petitioner does not object to the factual background set forth in Judge Mummert's Report and Recommendation, rather, he essentially objects that the conclusions of law were erroneous. These objections, however, are without merit.

As ground one of the Petition, Petitioner argues that his constitutional rights were violated by a comment the prosecutor made during his closing argument. A single statement gives rise to this challenge: "This case is much more than Eddie Simpson [a witness who testified that he had seen Petitioner shoot the victims]. *She [defense counsel] says, she never really says who did it, okay.*" Petitioner objects to Judge Mummert's conclusion that relief was not available under the applicable law. Petitioner argues that the comments made by the prosecutor infringed on the exercise of his right to remain silent. As Judge Mummert concluded, the determination of whether a prosecutor's comments during closing argument require relief depends on several factors. The question is whether the comments "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Clemons v. Lubbers*, 381 F.3d 744, 757 (8th Cir. 2004)(quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1996)). In determining that the comment did not satisfy the standard, Judge Mummert recognized that the trial was not so infected

with unfairness because of the remark because of the immediate objection of defense counsel, the trial court's ruling sustaining the objection, the instruction that the jury disregard the remark and the further instructions that statements of counsel are not evidence, that Petitioner was presumed to be innocent and that the state had the burden of proving beyond a reasonable doubt that petitioner was not innocent. Petitioner urges that the record reflects that the prosecutor emphasized this evidence "at every point, from opening statement through the testimony of witnesses and finally, in closing argument." The record, however, does not support Petitioner's argument. There is only the single statement in closing argument, and the impact of the statement, if any, was clearly remedied through the actions taken immediately following its utterance. After examining the "totality of the circumstances in determining whether there is a reasonable probability that the error complained of affected the outcome" of the trial, *Preston v. Delo*, 100 F.3d 596, 602 (8th Cir. 1996), this Court concludes that Petitioner's constitutional rights were not violated. Petitioner's objection in this regard is denied.

Grounds two and three of the petition are alleged ineffective assistance of counsel. Ground two challenges trial counsel's failure to locate a potential witness, Dorian Perry. The record is replete with sworn evidence that Perry would have testified that he was "passed out" and did not know who was actually the shooter.

Furthermore, there is sworn evidence that even if Perry were located, such would be unavailing to aid in Petitioner's trial since Perry was represented by counsel and Petitioner's counsel therefore could not speak with him. Petitioner's self-serving, unsworn argument that Perry would have testified that it was not the petitioner who was the shooter does nothing to controvert the record of Perry's previous Grand Jury testimony and the inability to speak with Perry. Petitioner has failed to establish the prejudice prong of the *Strickland* standard as set forth in the Report and Recommendation.

Ground three of the Petition alleges ineffective assistance of counsel with regard to Petitioner's right to testify. Petitioner claims that he did not waive his right to testify and in fact wanted to testify. Counsel's testimony reveals that she advised Petitioner of his right to testify and that it was his decision to make. Counsel further advised Petitioner not to testify because of previous convictions. The record further establishes that at no point did petitioner articulate to the trial court his alleged desire to testify at trial. As such, the record establishes that Petitioner waived his right to testify. *United States v. Bernloehr,* 833 F.2d 749, 751 (8th Cir.1987); *El-Tabech v. Hopkins,* 997 F.2d 386 (8th Cir.1993)(Court observed that the defendant's conduct during trial and at the jury instruction settlement conference impugned his claim that he was not advised of his right to testify, and

thus, the Court held he too had knowingly waived this right.)

Nor did he at any point set forth what his testimony would have been had he testified or how the outcome would have been different had he testified. *Hines v. United States*, 282 F.3d 1002, 1005 (8th Cir. 2002). Petitioner cannot establish that he did not waive his right to testify nor that counsel was ineffective for failing to call him as a witness. Petitioner's objection is overruled.

## **Conclusion**

This Court has conducted a *de novo* review of those portions of the Report and Recommendation to which Petitioner objects. The Court finds that the findings of fact and conclusions of law set forth in the Report and Recommendation set forth a very thorough and correct analysis of the issues raised in the Petition and the basis upon which relief must be denied. Petitioner's objections to the Report and Recommendation are without merit and are denied in their entirety. The Court will adopt the Recommendation of Judge Mummert that the Petition be denied.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are

debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Jeffrey Jamison for Writ of Habeas Corpus, [Doc. No. 6], pursuant to 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that any motion by Petitioner for a Certificate of Appealability will be denied, as Petitioner has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 9th day of March, 2007.

_____
   HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE